**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| MAXIMILIAN I. GROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FCA US LLC, and ZACHARY M. NICHOLSON, | ) |
| | ) No. |
| Defendants. | ) |
| ------------------------------------------------------------ | ) |
| ZACHARY M. NICHOLSON, | ) |
| | ) |
| Defendant/Counter-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FCA US LLC, | ) |
| | ) |
| Defendant/Counter-Defendant. | ) |

**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**

TO:    Clerk of the United States District Court
         Northern District of Illinois
         Eastern Division

| | |
|---|---|
| Charles E. Cronauer<br>Law Offices of Charles E. Cronauer<br>1101 DeKalb Ave., Suite 2<br>Sycamore, IL 60178<br>ccronauer@cronauerlaw.com | Timothy R. Ocasek<br>Cooney & Conway<br>120 N. LaSalle Street, 30th Flr.<br>Chicago, IL 60602<br>tocasek@cooneyconway.com |
| Langdon & Emison<br>911 Main Street<br>PO Box 220<br>Lexington, MO 64067<br>Tel. 660 259 6175<br>dbrose@lelaw.com | Brian Custy<br>101 W. 84th Drive, Suite A<br>Merrillville, IN 46410<br>219-660-0450<br>bcusty@officeofgc.com |

Defendant, FCA US LLC ("FCA US"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and without waiving any rights, privileges, or defenses, hereby files the following Notice of Removal of the civil action filed against it by the above-captioned parties in the Circuit Court of Cook County, Illinois, Law Division, Case No. 2016-L-007623, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

## I.     BACKGROUND

1.     On or about August 2, 2016, Maximillian Gross ("Plaintiff") filed his Complaint at Law against FCA US LLC ("FCA US") and Zachary Nicholson ("Nicholson") in the Circuit Court of Cook County, Case No. 2016-L-007623. (*See* Plaintiff's Complaint at Law, attached hereto as Exhibit A).

2.     Plaintiff seeks damages for personal injury, including quadriplegia, as a result of a high speed, single-vehicle automobile accident that occurred near Morocco, Indiana. (*See* Plaintiff's First Amended Complaint at Law, Exhibit B, at ¶ 8).

3.     Plaintiff named FCA US as a defendant alleging counts of strict product liability and negligence regarding the design of a 2009 Dodge Caliber ("Caliber"). (*See* Pl.'s First Am. Compl., Ex. B).

4.     Plaintiff also named as a defendant, Nicholson, his friend and driver of the Caliber at the time of the subject accident. (*See* Pl.'s First Am. Compl., Ex. B).

5.     Nicholson changed his driver's license from North Dakota to Illinois six days prior to filing the complaint. Accordingly, Nicholson claims to be an Illinois resident. Nicholson does not have a legitimate basis for Illinois citizenship under a diversity jurisdiction analysis. Rather, Nicholson is a citizen of North Dakota or Kentucky.

## II.   BASIS FOR REMOVAL AND JURISDICTION

6. This lawsuit is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff and Defendants.

7. This Court possesses subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity between Plaintiff and Defendants; and (2) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) because it is filed prior to the expiration of thirty (30) days after receipt of Nicholson's deposition transcript on June 5, 2017. *Martin v. Global Experience Specialists, Inc.*, No. 13-C-07749, 2014 WL 2598788, at *6 (N.D. Ill. June 10, 2014) (holding that discovery depositions are included within section 1446(b)(3)'s definition of "other papers") (*See* Zachary M. Nicholson Deposition Transcript ["Nicholson Dep."] attached hereto as Exhibit C;  and, June 5, 2017 email transmission of Nicholson Deposition Transcript from McCorkle Court Reporting, Ex. K).

9. This Removal Petition was filed within one year of Plaintiff filing the initial Complaint in state court in accordance with 28 U.S.C. § 1446(c), and within 30 days of receiving papers pursuant to 28 U.S.C. § 1446(b)(3).

## III.   CITIZENSHIP OF THE PARTIES

10. Plaintiff, Maximilian I. Gross, is a citizen of Cook County, Illinois. (*See* Pl.'s First Am. Compl., Ex. B, ¶ 1).

11. At all relevant times herein, Defendant FCA US LLC, formerly known as Chrysler Group LLC, is and was a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan, It has one member, FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in Auburn Hills,

Michigan, and whose sole member is Fiat Chrysler Automobiles N.V., a publicly traded corporation organized and existing under the law of The Netherlands with its principal place of business in London. (Affidavit of Aaron Schwaderer, Exhibit D). Thus, FCA US is not a citizen of Illinois. *See Mo. Franchise Dev. Sys., LLC v. McCord*, 2007 WL 1149198, No. 07-CV-00099-DRH-DGW, at *1 (S.D. Ill. 2007) ("a limited liability company is a citizen of any state of which a member of the company is a citizen") (citing *Cosgrove v. Barolotta*, 150 F.3d 729 (7th Cir. 1998)).

12. Nicholson is a citizen of North Dakota or Kentucky. (*See* Nicholson Dep, Ex. C at 32:14-32:8 and Section VI, *infra*)

### IV. AMOUNT IN CONTROVERSY

13. Plaintiff in this case alleges, "severe, permanent and progressive injuries, including but not limited to quadriplegia and a traumatic brain injury." (Pl.'s First Am. Compl., Ex. B, ¶ 14). Therefore, the amount in controversy in this case likely exceeds $75,000. *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (holding that the removing party need only prove a reasonable probability that the amount in controversy exceeds $75,000) *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005) (holding that allegations of "severe and permanent injuries" warranted finding that more than $75,000 was in controversy).

### V. LEGAL STANDARD: DIVERSITY, CITIZENSHIP, AND FRAUDULENT JOINDER

All objective evidence indicates Nicholson was not a citizen of Illinois at the time the Complaint was filed or thereafter. Six days prior to filing the subject Complaint, Nicholson changed his driver's license from North Dakota to Illinois. As revealed in Nicholson's deposition, and as detailed *infra*, Nicholson has no other legitimate basis to support his claim of

4

Illinois citizenship. Alternatively, Nicholson is a citizen of Kentucky, where he has otherwise resided during the majority of the last three years.

### a. Citizenship is Determined by Domicile

An individual is a citizen of the state in which he is domiciled. Domicile has two elements: (1) physical presence or residence in a state and (2) an intent to remain in the state. *Id.*; *see also Napoles v. Johnson*, No. 12 C 10220, 2013 WL 1943304, at *2 (N.D. Ill. May 8, 2013) ("This means the state where the individual has 'a permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'").

To change one's domicile, a party must physically change residence while <u>at the same time</u> possessing the objective intent to permanently remain in the new location. *E.g.*, *Rhoubin v. Ferree & Assoc., Inc.*, 1985 WL 1757, at *1 (N.D. Ill. June 13, 1985) (emphasis added); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).

To determine the intent of an individual regarding citizenship, courts rely on a series of objective factors including: current residence, location of personal and real property, voter records, location of financial accounts, membership in unions and other associations, place of employment, driver's license and automobile registration, and tax payments. *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009), as amended (June 10, 2009).

It is well settled that courts presumptively favor "an individual's old, established domicile over a newly acquired one." *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, No. 08-CV-3853, 2008 WL 4671748, *4 (N.D. Ill. Oct. 21, 2008) (citations omitted).

b.  **Diversity Cannot be Destroyed by Improper or Fraudulent Joinder**

Diversity jurisdiction cannot be destroyed by improperly joining a non-diverse party. *See, e.g.*, *Kopitke v. DePuy Orthopaedics, Inc.*, Case No. 11-cv-912, 2011 WL 856865, at *1 (N.D. Ill. Mar. 8, 2011). For the purposes of evaluating whether diversity jurisdiction exists for the purposes of removal, courts look to the citizenship of the parties at the time of removal. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009); *but see Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir. 2011) (holding that later changes that compromise diversity do not destroy removal jurisdiction).

**Merely changing ones' voter registration, driver's license, and tax status is insufficient to confer new citizenship**. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991)(emphasis added). The rationale for this rule is that these factors are particularly susceptible to manipulation by parties that want to opt in or out of federal diversity jurisdiction. *Ner Tamid Congregation of North Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 834 (S.D. Ill. 2006).

Fraudulent joinder occurs if either: (1) there is no possibility that the plaintiff can state a claim against a non-diverse defendant in state court; or (2) the plaintiff pleads false jurisdictional facts. *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815 (N.D. Ill. 2003). This case involves the second, more rare, category because Co-Defendant/Counter-Plaintiff Zachary M. Nicholson is a citizen of North Dakota, not Illinois. Fraudulent joinder via false jurisdictional facts occurs when parties falsely plead citizenship to avoid diversity jurisdiction. *LeBlanc v. Georgia-Pac. Corp.*, No. CIV.A. 04-2335, 2005 WL 1657131, at *1 (W.D. La. July 14, 2005). To determine whether fraudulent joinder has occurred, courts look beyond the

pleadings and may consider additional evidence including affidavits and deposition testimony. *CC Indus., Inc*, 266 F. Supp. 2d at 815–16.

VI. **NICHOLSON HAS NO (1) PHYSICAL PRESENCE OR RESIDENCE IN ILLINOIS, NOR (2) AN INTENT TO REMAIN IN THE STATE**

Nicholson is a citizen of North Dakota. Despite Nicholson's attempt to change citizenship contemporaneously with the filing of this lawsuit, Nicholson cannot overcome the legal presumption that he is a citizen of North Dakota under a diversity analysis. Alternatively, Nicholson is a citizen of Kentucky, the state in which he has resided the majority of the last three years.

A simple review of the evidence beyond the pleadings reveals that Nicholson is not an Illinois citizen. By way of background, Nicholson spent the majority of his life in North Dakota before being stationed in Kentucky. Nicholson now claims he resides in Chicago, Illinois – although he has never lived in Illinois. A review of Nicholson's deposition testimony and the relevant evidence is insightful:

   a. **North Dakota: 2005-2014**

   1. Nicholson is 22 years old. (Nicholson Dep., Ex. C at 6:22-23).

   2. He is from North Dakota. (Nicholson Dep., Ex. C at 6:18-21).

   3. Nicholson completed all of his schooling—from middle school through high school—in North Dakota. (Nicholson Dep., Ex. C at 7:20-8:2).

   4. Nicholson enlisted in the United States Army in 2014 during his senior year of high school at Fargo South High School in Fargo, North Dakota. (Nicholson Dep., Ex. C at 10:3-7, 7:20-8:2).

   5. Prior to enlisting, Nicholson lived with his mother and brother in Fargo, North Dakota for the nine (9) prior years. (Nicholson Dep., Ex. C at 6:18-21).

6. In April, 2017, Nicholson updated his cellular telephone phone number, and chose to maintain a "701" North Dakota area code. (Nicholson Dep., Ex. C at 14:20-21, 15:15-15).

b. **Kentucky: 2014- current**

1. Nicholson has lived at Fort Campbell, Kentucky since October 2014, other than a 9-month overseas deployment. (Nicholson Dep., Ex. C at 13:16-14:1, 22:10-21).

2. Nicholson has used his Kentucky address for his tax returns and mail since 2014. (Nicholson Dep., Ex C at 14: 2-4, 12-17).

3. Nicholson owns one vehicle which he registered in Tennessee. Nicholson keeps the vehicle at Fort Campbell. (Nicholson Dep., Ex. C at 51:2-5, 52:9-15).

c. **Illinois: May 30, 2017**

1. Nicholson changed his North Dakota driver's license on July 26, 2016, six days before Plaintiff filed this Complaint on August 2, 2016. (*See* Nicholson's Responses to FCA US LLC's Supplemental Requests for Production, Copy of Nicholson's Illinois Driver's License, reflecting July 26, 2016 issue date, Ex. E; Pl.'s Original Compl., Ex. A).

2. Nicholson claimed the address on his new Illinois driver's license as 421 S. Dearborn, Unit 504, Chicago, Illinois, ("Chicago Condo"). (*See* Ex C at 36; Copy of Nicholson's Illinois Driver's License, Ex. E).

3. "Chuck," a close friend of Plaintiff's father, owns the Chicago Condo, and has made the Chicago Condo available to Nicholson free-of-charge. (Ex. C at 33:21-34:7; 113:2-9);

4. Nicholson does not know "Chuck's" last name. (Ex C. at 35: 22-23)

5. Nicholson never visited, let alone slept, at the Chicago Condo prior to his May 30, 2017 deposition. (Ex. C at 34:6-20);

6. Nicholson does not pay any rent for the Chicago Condo. (Ex. C at 36:9-20);

7. Nicholson does not have any personal property or possessions at the Chicago Condo. (Ex. C at 34:21-35:2);

8. Nicholson has never received mail at the Chicago Condo. (Ex. C at 35:3-7);

9. The Chicago Condo tenant directory does not list Nicholson as a resident. (Affidavit and Photographs of David K. Naleway, Ex. F).

10. Nicholson is not sure if other people also use the Chicago Condo. (Ex. C at 35:19-21).

11. Nicholson had trouble remembering the address of the Chicago Condo during his May 30th deposition (Ex. C at 35:24-36:8);

12. Nicholson claimed the plaintiff was his best friend. (Ex. C, p. 114; 23-24)

13. Plaintiff testified he believed Nicholson was a resident of North Dakota. (Deposition Transcript of Max Gross ["Gross Dep."], May 3, 2017, Ex. G, at 29:11-17).

14. Despite "Chuck" being a friend of the Plaintiff's father, Plaintiff did not have any knowledge of Nicholson's claimed Chicago Condo. (Ex. G at 29:11-17).

15. Nicholson does not have any banking or financial accounts in Illinois. (Ex. C at 14:9-11);

16. Nicholson has never paid income taxes in Illinois. (Ex. C at 125:7-11);

17. Nicholson has never worked for an Illinois employer (Ex. C. at 15);

18. Nicholson has never owned or rented any other property or real estate in Illinois. (Ex. C at 33:18-20; 36:16-20; 37:15-18);

19. Nicholson has never registered a vehicle in Illinois. (Ex. C at 51:2-5, 52:9-15);

All facts indicate Nicholson is not an Illinois citizen. Rather, Nicholson was and is a citizen of North Dakota, his last domicile prior to joining the Army. Moreover, Nicholson admitted during his deposition that he was not sure what state he considers his home, but that North Dakota was his home prior to enlisting in the Army. (Ex. C at 32:14-32:8). It is well settled that courts presumptively favor "an individual's old, established domicile over a newly acquired one." *24 Hour Fitness USA, Inc.* at *4 (citations omitted).

Furthermore, Nicholson's purported change of citizenship six days prior to this lawsuit was only made possible because a friend of Plaintiff's father made a Chicago Condo available free-of-charge.

   **d.  Nicholson Has No Illinois Real Or Personal Property**

Nicholson does not own any real or personal property in Illinois. (Nicholson Dep., Ex. C at 33:18-20; 36:16-20). Co-Defendant Nicholson testified that, after the car accident that gives rise to this case, he could stay at the Chicago Condo owned by a "good friend of [Plaintiff's] dad." (Nicholson Dep., Ex. C at 33:21-34:7; 113:2-9). Nicholson does not pay rent for the Chicago Condo. (Nicholson Dep., Ex. C at 36:9-20; 113:18-20) (emphasis added). This Chicago

Condo is fully furnished, and Nicholson does not keep any possessions at the Chicago Condo. (Nicholson Dep., Ex. C at 34:15-35:2).

Nicholson further admitted that the first time he had ever stayed Chicago Condo was for his May 30th deposition in Chicago. (Nicholson Dep., Ex. C at 34:6-20). During that deposition, Nicholson struggled to remember the address of the Chicago Condo. (Nicholson Dep., Ex. C at 35:24-36:8). Additionally, as of June 27, 2017, Nicholson is not listed in the building's tenant directory. (*See* Affidavit and Photographs of David K. Naleway, Ex. F). Nicholson never purchased or paid rent on any residence in Illinois at any time before Plaintiff filed this lawsuit. (Nicholson Dep., Ex. C at 33:18-20; 36:16-20; 37:15-18).

e. **Nicholson Has Never Received Mail At An Illinois Address**

Nicholson has never received any mail at the Chicago Condo. (Nicholson Dep., Ex. C 35:3-7). Nicholson also does not list any Illinois addresses on his car insurance records. (Nicholson Dep., Ex. C at 129:9-13; 14:12-14). Because Nicholson has never received mail at any Illinois address, this objective criterion also strongly indicates he remained a citizen of North Dakota at all relevant times.

f. **Nicholson Has No Financial Accounts Located In Illinois**

Nicholson has no financial accounts in Illinois. Nicholson utilizes a bank located in Fort Campbell, Kentucky. (Nicholson Dep., Ex. C 14:9-11).

g. **Nicholson Has No Automobile Registered Or Insured In Illinois**

Nicholson has never registered a vehicle in Illinois. Nicholson's only vehicle—a 1993 Pontiac Firebird—is registered in Tennessee. (Nicholson Dep., Ex. C at 51:2-5, 52:9-15). Nicholson's vehicle has Tennessee license plates. (Nicholson Dep., Ex. C at 52:14-15). Additionally, Nicholson's car insurance is not connected to any Illinois address. (Nicholson Dep., Ex. C at 129:9-13).

### h. <u>Nicholson Has Never Paid Illinois Taxes</u>

Nicholson has never paid any Illinois state taxes. (Nicholson Dep., Ex. C at 125:7-11). Nicholson has only paid North Dakota state taxes. (*Id.*). Additionally, Nicholson's counsel has refused to produce his client's tax documents despite FCA US's specific request for production of the records and their relevance to this issue.

### i. <u>Nicholson Obtained An Illinois Driver's License Six Days Before This Lawsuit</u>

Decisions in this Circuit have illustrated that changing one's driver's license, voter registration, and even tax status are insufficient to confer citizenship because these factors are so easily susceptible to manipulation. *See Ner Tamid Congregation of North Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009).

Nicholson obtained his North Dakota driver's license at age seventeen (17), and held a North Dakota license at the time of the accident at issue. (Ex. C at 54:7-16; 54:14-16; 114:17-20; Indiana Officer's Standard Crash Report, Ex. H, p.3). Nicholson claims to have established Illinois citizenship by obtaining an Illinois driver's license six days before this lawsuit was filed. He lists the Chicago Condo as his address in his Illinois license. Yet, the first time Nicholson had ever stayed in this rent-free Chicago condo was nearly a year later, when he was deposed in this matter. (Ex. C at 34:6-20).

Nicholson has not established a domicile in Illinois. He has no physical presence or residence in a state and (2) an intent to remain in the state. *Napoles v. Johnson*, No. 12 C 10220, 2013 WL 1943304, at *2 (N.D. Ill. May 8, 2013) To change one's domicile, a party must physically change residence while <u>at the same time</u> possessing the objective intent to permanently remain in the new location. *E.g.*, *Rhoubin v. Ferree & Assoc., Inc.*, 1985 WL 1757, at *1 (N.D. Ill. June 13, 1985) (emphasis added); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).

Nicholson, at best, is confused about his residence and state citizenship. At one point in his deposition, Nicholson also seemed to claim Elgin, Illinois as his residence. (Ex. C 31:9-12). Nicholson, however, admitted Elgin was simply a place he may live in the future. (Ex. C, p. 31-32). He admitted that he does not have any actual residence in Elgin, Illinois. (Ex. C at 31:19-32:2). Nicholson also conceded that he has never received any mail in Elgin, Illinois, nor has he ever registered any vehicles in Elgin, Illinois. (Ex. C at 32:9-13). He testified as follows:

> Q: All right. So, other than planning to be in Elgin in the future, where would you consider your home to be other than Fort Campbell?
>
> **A: I mean –**
>
> Mr. Custy: Object to the form.
>
> **A: I don't know. I just really – I got family all over the place, but it is just I don't know where I would settle down or call home really, I guess. But as of now, I am just in the Army at Fort Campbell.**
>
> Ex. C at 32; 14-24.

Nicholson testified that he only sought to change his residency after the accident because it is what both he and the Plaintiff wanted. (Nicholson Dep., Ex. C at 111:22-112:13) ("Just he was my best friend there at Fort Campbell, and after everything that happened, I just feel like I should be with him and stuff, and that is what he wants, too, as well, and yes.").

Based on the facts discussed above, Nicholson is a citizen of North Dakota, or alternatively Kentucky. To the extent applicable, this Court should review this as a matter of fraudulent joinder because Nicholson is in fact a North Dakota citizen who was improperly alleged to have been an Illinois citizen, and who otherwise has been physically present in Kentucky at the relevant times herein.

## VII. ADDITIONAL REMOVAL MATTERS

13. Pursuant to 28 U.S.C. § 1446(d), FCA US simultaneously filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois. (A copy of the State Court Notice of Filing Notice of Removal is attached as Exhibit I).

14. Pursuant to 28 U.S.C. § 1446(a), a copy of the entire court file of the Circuit Court of Cook County is attached as Exhibit J.

15. Nicholson's consent is not required for this Notice of Removal because Nicholson was alleged to be an Illinois citizen for the sole purpose of defeating diversity jurisdiction. *Cardona v. Kozak*, No. 91-C-0967, 1991 WL 152518, at *2, n.2 (N.D. Ill. July 26, 1991) (reasoning that "fraudulently" joined defendants are not required to participate or consent in removal petition).

16. By this Notice of Removal, FCA US is not waiving and expressly reserves the right to contest personal jurisdiction, venue, *forum non conveniens*, and choice of law issues.

## CONCLUSION

Based on the objective criteria discussed above, Nicholson is not an Illinois citizen. Rather, Nicholson is a citizen of North Dakota or Kentucky. Any claimed factors in favor of Illinois citizenship are those which courts have found are easily manipulated. Accordingly, this Court should discredit and disregard the improper fraudulent jurisdictional facts as pled. WHEREFORE, Defendant, FCA US LLC, respectfully files this removal petition pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 29th day of June, 2017

Respectfully submitted,

/s/ Michael A. McCaskey

*Attorneys for Defendant,*
*FCA US LLC*


Brian W. Bell
Michael A. McCaskey #6286828
Marie K. Lynch
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
bbell@smbtrials.com
mmcaskey@smbtrials.com
mlynch@smbtrials.com