IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| MAXIMILIAN I. GROSS, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | Case No.: 1:17-cv-04889 |
| v. | ) | |
| | ) | Judge Ruben Castillo |
| FCA US LLC, and | ) | |
| ZACHERY M. NICHOLSON, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| ZACHERY M. NICHOLSON, | ) | |
| | ) | |
|     Defendant & Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FCA US LLC, | ) | |
| | ) | |
|     Defendant & Counter-Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

    COMES NOW Plaintiff, by and through the undersigned counsel, and respectfully submits this Memorandum of Law in Support of Plaintiff's Motion to Remand.

**I.    INTRODUCTION**

    Defendant FCA US LLC's (Defendant FCA US) Petition for Removal is both procedurally and substantively defective, as it violates the Rule of Unanimity, Forum Defendant Rule, and lacks complete diversity. Defendant Zachery Nicholson neither joined in nor consented to removal. Moreover, Defendant Nicholson is a non-diverse defendant that is a resident and citizen of the State of Illinois. As such, the above captioned case must be remanded to the Cook County Circuit Court of the State of Illinois. In support of this Motion to Remand, Plaintiff states as follows:

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

*a. Subject Accident*

On March 24, 2016, at approximately 11:06 p.m., Defendant Nicholson was driving Plaintiff Max Gross's 2009 Dodge Caliber northbound on U.S. Route 41 in Newton County, Indiana (*See* Indiana Officer's Standard Crash Report, attached hereto as Exhibit 1). Plaintiff and Defendant Nicholson met while serving together in the 101st Airborne unit of the United States Army. They had received their leave from Fort Campbell and were traveling to visit family and friends in Elgin, Illinois. Approximately one-half mile north of County Road 600N, the subject vehicle drifted off the left shoulder of the roadway. In response, Defendant Nicholson overcorrected, causing the subject vehicle to travel across both northbound lanes and off the roadway. As the Dodge Caliber exited the roadway it began to roll causing excessive deformation of the Dodge Caliber's roof structure into the passenger compartment. As a result, Plaintiff suffered severe injuries to his neck and spine rendering him a C2 ventilator quadriplegic.

*b. Procedural History*

Almost one year ago, on August 2, 2016, Plaintiff filed suit in Cook County, Illinois, against Defendant FCA US alleging product liability and negligent claims related to the subject 2009 Dodge Caliber. Plaintiff also brought claims against Defendant Nicholson for his negligent operation of the subject vehicle. It is undisputed, for the purposes of this Motion, that Plaintiff's Complaint contains colorable claims against Defendant Nicholson. It is also undisputed that Defendant Nicholson will remain in this lawsuit regardless of the outcome of this Motion to Remand. It is undisputed that FCA US attributes more than 75% of the fault to Nicholson as its own affirmative defense (*See* Defendant FCA US LLC's Answer and Affirmative Defenses to First Amended Complaint at Law, attached hereto as Exhibit 2, at Pgs. 17 – 18). Moreover, it is undisputed that Defendant FCA US failed to obtain Defendant Nicholson's joinder or consent to its Petition for Removal.

Plaintiff properly pled that Defendant Nicholson is a citizen and resident of Cook County, Illinois. Defendant FCA US filed its answer on November 18, 2016. At the time of removal, the parties had litigated this case for approximately seven months – during which time they took depositions, served written discovery, and inspected the subject vehicle.

On June 29, 2017, Defendant FCA US filed its Petition for Removal challenging Defendant Nicholson's citizenship for the purposes of subject matter jurisdiction. (*See generally* Doc. 1). In short, Defendant FCA US argued that removal was proper because Defendant Nicholson was a diverse defendant, with citizenship in either the State of North Dakota or Kentucky. (*See id.* at Pg. 4). Defendant FCA US argues that this issue was not raised earlier because Plaintiff's Complaint incorrectly identifies Defendant Nicholson's citizenship as the State of Illinois. (*See id.* at Pg. 3). Moreover, Defendant FCA US argues that Defendant Nicholson's consent to the removal is waived because he was fraudulently joined under the legal doctrine of "actual fraud on the pleadings". (*See id.* at Pg. 14).

  c. *Defendant Zachery Nicholson's Residence and Citizenship*

Defendant Nicholson joined the Army on June 14, 2014, while finishing his senior year of high school in Fargo, North Dakota. (*See* Deposition of Defendant Zachary Nicholson, attached hereto as Exhibit 3 at Pgs. 10 – 11). After three months of boot camp at Fort Benning, Georgia, Defendant Nicholson was stationed at Fort Campbell, Kentucky. (*See id.* at Pg. 13). Defendant Nicholson currently resides in the Army barracks at Fort Campbell. (*See id.* at Pg. 18). During the entirety of his service contract, outside of a deployment to Afghanistan, Defendant Nicholson has lived and worked at Fort Campbell. (*See id.* at Pgs. 15 & 22).

However, Defendant Nicholson has never considered the State of Kentucky to be his domicile. (*See* Exhibit 3 at Pgs. 29 – 30) (Q: Have you considered Fort Campbell your residence since moving there? A: That is just like the place that I am stationed at and stuff as of now. Q: Have you

3

considered it your home? A: No. Q: Why Not? A: It is just my like place that I was sent to work to, so it is just not considered home. I don't have any family or nothing there, just friends and stuff, just work.). Defendant Nicholson testified that he is currently required to live at Fort Campbell pursuant to his military contract. (*See id.*). However, Defendant Nicholson testified that he does not intend to remain in Kentucky following the expiration of his service contract in October 2017. (*See id.* at Pg. 114).

Moreover, Defendant Nicholson does not consider himself a resident or citizen of the State of North Dakota. In approximately 2002, following the divorce of his parents, Defendant Nicholson moved, with his mother, to North Dakota. (*See id.* at Pgs. 7 – 8). He finished high school while living with his mother in Fargo, North Dakota. (*See id.*). However, since that time, Defendant Nicholson has only traveled back to Fargo on a limited basis to visit his mother while on leave from the Army. (*See id.* at Pg. 27). He does not have an apartment or house in North Dakota. (*See id.* at 33 – 34). He does not have a North Dakota drivers' license and is not registered to vote in the State of North Dakota. (*See id.* at Pg. 114). He does not have a spouse or children that live in North Dakota. There is no evidence he has ever voted in North Dakota. Most importantly, Defendant Nicholson does not intend to return or live in North Dakota following the expiration of his service contract in October 2017. (*See id.* at Pgs. 114 – 115) (Q: Before you deployed to Afghanistan it was your intent to return to Chicago and Chicago would be your home? A: Yes.).

Following the accident, Defendant Nicholson was extremely distressed at Plaintiff's condition. (*See* Exhibit 3 at Pgs. 91 – 92). Immediately following the subject accident, Defendant Nicholson began to make specific plans to permanently reside in Chicago. (*See* Exhibit 3 at Pg. 112). (Q: When did you decide to change your home to where you intended to go from North Dakota to Chicago? A: After everything happened with Max and stuff. Q: What is the reason for that? A: Just he was my best friend there at Fort Campbell, and after everything that happened, I just feel like I should be with him

and stuff. . . ."").

Prior to the filing of Plaintiff's Complaint, Defendant Nicholson signed a lease agreement to live in an apartment in Chicago located at 431 South Dearborn Street Chicago, Illinois 60605. (*See id.* at Pgs. 36 and 113). While on leave from the Army, Defendant Nicholson was residing in his Chicago apartment. (*See id.* at Pg. 34). Defendant Nicholson testified that before being deployed to Afghanistan in August 2016, he obtained an Illinois drivers' license and registered to vote in Illinois. (*See id.* at Pg. 114). Moreover, he began looking for employment in the Chicago area following his discharge from the Army. (*See id.* at Pg. 121). Most importantly, Defendant Nicholson testified that his subjective intent was to permanently reside in Chicago as a citizen of the State of Illinois. (*See id.* at Pgs. 114 – 115).

### III. SUMMARY OF ARGUMENTS IN SUPPORT OF REMAND

Plaintiff's Motion for Remand is premised on four arguments. First, Defendant FCA US's Petition for Removal is procedurally defective because it violates the Rule of Unanimity. Defendant Nicholson – an undisputedly proper defendant in this lawsuit – did not join or consent to the removal. The Rule of Unanimity requires Defendant Nicholson's consent – which Defendant FCA US failed to obtain.

Secondly, Defendant FCA US failed to establish – or even attempt to establish – that Plaintiff committed actual fraud in his Complaint, which is required to establish fraudulent joinder under the aptly named – actual fraud doctrine. At best, Defendant FCA US argues that Defendant Nicholson's subjective understanding of his own citizenship is incorrect. (*See* Doc. 1 at Pg. 13) ("Nicholson . . . is confused about his residence and state internship."). There are no allegations of fraud or intentional misstatements in the entirety of Defendant FCA US's removal.

Third, assuming *arguendo* the Court determines that Defendant Nicholson is a diverse defendant with legal citizenship outside of the forum state, then Illinois case law specifically states that

5

a diverse defendant cannot be fraudulently joined and consent is required.

Lastly, assuming *arguendo* that fraud is not required to establish fraudulent joinder under the actual fraud doctrine and Defendant Nicholson's consent is not required for Removal, Defendant FCA US failed to carry its heavy burden to establish that Defendant Nicholson is not a citizen of the State of Illinois. Defendant Nicholson's testimony establishes that he is a proper forum defendant, rendering Defendant FCA US's removal improper.

## IV. DEFENDANT FCA US'S PETITION FOR REMOVAL VIOLATES THE UNANIMITY REQUIREMENT

### a. *Legal Standard for the Rule of Unanimity*

The removal of civil cases to federal court is a serious infringement upon state sovereignty and should not be allowed without "[d]ue regard for the rightful independence of state governments. . . ." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941). Consequently, the provisions of the removal statute are strictly construed. *See Fellhauer v. Geneva,* 673 F.Supp. 1445, 1447 (N.D.Ill.1987). When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. *See Morris v. Nuzzo,* 718 F.3d 660, 668 (7th Cir. 2013) (holding that "doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court."). "The removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch,* 776 F.Supp. 437, 439 (E.D.Wis.1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981).

To remove a case to federal court, all defendants must either join in the removal or otherwise consent to removal. *McMahon v. Bunn–O–Matic Corp.,* 150 F.3d 651, 653 (7th Cir.1998). This requirement is referred to as the "Rule of Unanimity". *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.,* 676 F.2d 270, 272 (7th Cir.1982). The removing defendant bears the burden of

establishing compliance with the rule of unanimity, either by showing all properly joined and served defendants' consent to removal or by establishing that a named defendant's consent to removal is not required. *See id.* at 273. The purpose of the unanimity requirement is to ensure that all defendants have a say before a case involving their interests is removed from state court. *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560 (6th Cir. 2015). Failure to obtain the consent of all served defendants within the removal period renders removal procedurally defective. *See Yount v. Shashek*, 472 F.Supp.2d 1055, 1061 (S.D. Ill. 2006); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F.Supp.2d 320, 300 (S.D.N.Y. 2007) (holding that the unanimity requirement must be strictly interpreted and enforced).

      b. *Consent Requirement is only waived when there is no colorable cause of action against the Forum Defendant*

Defendant FCA US argues that the Unanimity Requirement is inapplicable to its Petition for Removal because Defendant Nicholson was fraudulently joined to defeat diversity. (*See* Doc. 1 at Pg's. 6 & 14). To establish fraudulent joinder, the removing defendant must show that after resolving all issues of fact and law in favor of plaintiff either: (1) there is no possibility that the plaintiff can state a claim against a non-diverse defendant; or (2) plaintiff has plead fraudulent jurisdictional facts. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992). Defendant FCA US's Notice of Removal is premised on the latter of these two principles – fraudulent jurisdictional pleadings (hereinafter named "actual fraud doctrine"). (*See* Doc. 1 at Pg. 6).

The logic behind waiver of a fraudulently joined defendant is as follows: requiring consent or joinder from the forum defendants for which no colorable claims exist would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992); *see also Walton v. Bayer Corp.*, 643 F.3d 994 (7th Cir.2011); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir.2009).

However, as stated above, Defendant FCA US does not argue that Plaintiff's Complaint fails to state a colorable claim against Defendant Nicholson. In this case, regardless of the outcome of the

7

pending Motion to Remand – Defendant Nicholson will remain a properly joined defendant to this litigation. As such, the Rule of Unanimity affords Defendant Nicholson the right to have a voice in the removal of this lawsuit from state court. *See generally Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560 (6th Cir. 2015).

Defendant FCA US cites a single case – *Cardona v. Kozak*, No. 91-C-0967, 1991 WL 152518 at *2 (N.D. Ill. July 26, 1991) – in support of its argument that Defendant Nicholson's consent to its Petition for Removal is waived. *See* Doc. 1 at Pg. 14. That case, however, analyzed a Petition for Removal under the lack of colorable claim doctrine, not the actual fraud doctrine. The Court held that fraudulently joinder in the context of a petition for removal is established "'when there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court . . . .'" *See Cardona v. Kozak*, No. 91-C-0967, 1991 WL 152518 at *2 (N.D. Ill. July 26, 1991). The *Cardona* case does not address the wavier of consent under the actual fraud doctrine, the theory chosen by Defendant FCA US here.

Without such authority, the strict requirement that all properly joined defendants must join or consent to a removal petition must stand. *See* 28 U.S.C. § 1441(a). In this case, Defendant Nicholson did not join or consent to the Petition for Removal. Therefore, Defendant FCA US's removal is procedurally defective, and this Court must grant Plaintiff's Motion to Remand.

> c. *Defendant FCA US cannot establish fraudulent joinder, as it failed to even claim Plaintiff committed actual fraud in pleading jurisdictional facts*

Defendant FCA US's Petition for Removal fails to identify any fraudulent or intentional misstatements set forth in Plaintiff's Complaint relating to the jurisdictional facts of Defendant Nicholson. Rather, Defendant FCA US's Petition for Removal argues that Defendant Nicholson's understanding of his legal residence and citizenship is incorrect – and that he is simply confused as to the meaning of these legal terms. (*See* Doc. 1 at Pg. 13) ("Nicholson . . . is confused about his residence and state citizenship.").

Under the aptly named actual fraud doctrine, the removing defendant must establish actual fraud on the part of the Plaintiff in attempting to avoid removal. *See Halperin v. Merck, Sharpe & Dohme Corp.,* No. 11 C 9076, 2012 WL 1204728 *1 (April 10, 2012 N.D. Ill.) (holding that fraudulent joinder can be established by demonstrating that there was actual fraud in the plaintiff's pleading of jurisdictional facts); *see also Mattingly v. Sportsstuff, Inc.*, No. 07-cv-0403-MJR, 2007 WL 2410105 at N.1 (S.D. Ill. Aug. 23, 2007) ("An alternative test looks for outright fraud in plaintiff's pleading of jurisdictional facts . . . [t]he Court previously determined that there is no evidence of such fraud in the pleading of jurisdictional facts here."). In *Trevino v. U-Haul*, this Court held that the removing defendant failed to properly allege and establish "fraud in connection with the jurisdictional facts that Plaintiff has pled. . . ." *Trevino v. U-Haul Co. of Illinois, Inc.*, No. 08–cv–2255, 2008 WL 4951321 at *5 (N.D. Illinois Nov. 18, 2008).

According to Black's Law Dictionary, "actual fraud" is defined as, "a concealment or false representation through a statement or conduct that injures another who relies on it in acting." *See* BLACK'S LAW DICTIONARY 685 (8th ed. 2004); *see also Azimi v. Ford Motor Co.*, 977 F.Supp. 847 n.5 (E.D. Ill. 1996). Defendant Nicholson testified that he considers himself to be a resident and citizen of the State of Illinois. *See* Exhibit 3 at 114 (Q: Did you do anything else to establish Chicago as your home? A: I have like legal rights to vote here, I have a Chicago driver's license as well. And like I said a permanent address for me to stay here as well for when I get out.). Defendant Nicholson's testimony confirms the accuracy of Plaintiff's Complaint – especially his jurisdictional paragraphs, which identify Defendant Nicholson as a citizen of the State of Illinois. As such, it is impossible for Plaintiff to have committed any intentional misstatements regarding Defendant Nicholson's Illinois citizenship.

At best, Defendant FCA US can argue that Defendant Nicholson's understanding of the legal terms "residence" and "citizenship" is incorrect. However, the actual fraud doctrine requires more

9

than a mistake or omission in the pleadings – it requires actual fraud on the part of Plaintiff. While courts have opined that motive or intent is not required, they were referring to the claim route of the fraudulent joinder doctrine, which is not at issue in the instant case. *See Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992). Without carrying its burden to show that Plaintiff purposefully alleged the incorrect citizenship of Defendant Nicholson or concealed his true citizenship, Defendant FCA US has not met its burden of proving fraudulent joinder under the actual fraud doctrine.

### V.    DIVERSE DEFENDANTS CANNOT BE FRAUDULENT JOINED

Defendant FCA US's Petition for Removal attempts to set forth evidence to establish that Defendant Nicholson is a diverse defendant with citizenship in either North Dakota or Kentucky. Even assuming *arguendo* that Defendant FCA US met its burden and the Court determines that Defendant Nicholson is a diverse defendant, he cannot be considered to have been fraudulently joined in this lawsuit. *See Yount v. Shashek*, 472 F.Supp.2d 1055, 1059 (S.D. Ill. 2006) (holding that "this court has held on a number of occasions, there is no such thing as fraudulent joinder of a diverse defendant.").

> The *Yount v. Shashek* opinion further stated,
>
> As has been discussed in the preceding section of this Order, it is a legal impossibility for diverse defendants to be fraudulently joined to defeat diversity jurisdiction. The Court views Cottrell's absurd allegations of fraudulent joinder as tantamount to a failure to explain why eleven of Cottrell's co-Defendants have not consented to removal.

472 F.Supp.2d 1055, 1061 (S.D.Ill. 2006).

As such, if Defendant FCA US truly wants the Court to determine that there is diversity of citizenship between Plaintiff and Defendant Nicholson, then it is legally impossible to establish fraudulent joinder and Defendant Nicholson's consent or joinder was required for this Removal.

## VI. DEFENDANT NICHOLSON IS A PROPERLY JOINED FORUM DEFENDANT

As stated above, even assuming *arguendo* that fraud is not required to establish fraudulent joinder under the actual fraud doctrine and Defendant Nicholson's consent was not required for Removal, Defendant FCA US failed to carry its heavy burden to establish that Defendant Nicholson is not a citizen of the State of Illinois.

To determine an individual's citizenship for diversity purposes, courts look at the state of the individual's domicile. *See Ner Tamid Congregation of North Town v. Krivoruchko*, 620 F.Supp.2d 924, 931 (N.D. Ill. 2009). Domicile is "the place that a person considers to be his permanent home." *Kijowska v. Haines*, 463 F.3d 583, 586 (7th Cir.2006). Any person may make a change of domicile or citizenship at any time. *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962). In determining an individual's domicile, courts look both to a party's physical presence in a state and the party's intent to remain there. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Thus, a party can reside in one state without being domiciled in that state if the person intends to live in another state. *See Koch v. Koch*, 450 F.3d 703, 712, n. 7 (7th Cir.2006) (holding that "domicile is a person's legal home, the 'permanent residence of a person or the place to which he [or she] intends to return even though he [or she] may actually reside elsewhere.'").

In this case, both Plaintiff and Defendant Nicholson agree that his domicile is the State of Illinois. At the time Plaintiff's Complaint was filed, Defendant Nicholson had an apartment in the State of Illinois, located at 431 South Dearborn Street Chicago, Illinois 60605. (*See* Exhibit 3 at Pgs. 36 and 113). According to Defendant Nicholson's deposition testimony, shortly after the accident he made the decision to obtain an apartment and permanently reside in Chicago, Illinois, to assist in Plaintiff's medical care and recovery. (*See id.* at Pgs.112 – 115). After signing his lease agreement, Defendant Nicholson obtained an Illinois drivers' license. (*See id.* at Pg. 114). Defendant Nicholson also testified that before he was deployed to Afghanistan, he registered to vote in the State of Illinois.

(*See id.*). Moreover, he began looking for employment in the Chicago area following his discharge from the Army, intending to work for Metra. (*See id.* at Pg. 121). Most importantly, Defendant Nicholson testified that his subjective intent is to permanently reside in Chicago as a citizen of the State of Illinois. (*See id.*).

Defendant FCA US argues that Defendant Nicholson misunderstands the concept of domicile and citizenship, and that his true state of domicile is North Dakota or Kentucky. However, as set forth below, neither of these states meet the requirements for domicile: (1) physical presence and (2) subjective intent to remain in the future. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

    *a. Argument against Kentucky as Defendant Nicholson's Domicile*

Defendant Nicholson specifically testified that he does not consider the State of Kentucky his domicile. (*See* Exhibit 3 at Pg. 111). Rather, the Army stationed him at Fort Campbell following basic training. (*See id.* at Pg. 13). Defendant Nicolson is simply following military orders. (*See id.* at Pg. 29). Prior to his military service, there is no evidence that Defendant Nicholson had any contact with the State of Kentucky. (*See id.* at Pgs. 6 – 8). Moreover, Defendant Nicholson testified that he does not want to stay in Kentucky at the end of his military service in October 2017. (*See id.* at Pgs. 114 – 115) (Q: Before you deployed to Afghanistan it was your intent to return to Chicago and Chicago would be your home? A: Yes.).

The case law is very clear that military personnel do not acquire a new domicile while stationed in another state or country. *See Stewart v. Johnson*, 2008 WL 2756720 at *5 (S.D. Ala. July 11, 2008) (holding that "[s]ervice personnel are presumed not to acquire a new domicile when they are stationed in a place pursuant to orders."); *also see Meléndez-García v. Sánchez*, 629 F.3d 25, 41 (1st Cir. 2010). "A citizen of a state does not change his citizenship by entering military service even though he is assigned to duties in another state or country, and regardless of the term of service, <u>unless</u> he indicates an intent to abandon such original domicile and adopt a new one." *Ellis v. Se. Constr. Co.,* 260 F.2d 280, 282 (8th

Cir. 1958); *Strabala v. Zhang*, 318 F.R.D. 81, 103 (E.D. Ill. 2016) (stating that military personnel who do not reside where they are domiciled maintain their domiciles despite protracted periods of residence elsewhere). Generally, "domicile is neither gained nor lost by being temporarily stationed in the line of duty…[however] a new domicile may be acquired if fact and intent concur." *Id.*; *Bowman v. DuBose*, 267 F.Supp. 312 (D.C. S.C. 1967).

There is simply no justifiable basis to argue that Kentucky is Defendant Nicholson's domicile. (*See id.* at 111) ("I don't really consider Fort Campbell like my home or nothing . . . kind of like my – where I work and stuff. Where I plan on settling down and stuff is Chicago."). Defendant Nicholson testified that he never intended to adopt a new domicile in the State of Kentucky while stationed at Fort Campbell. (*See id.*). Putting aside his military residence at Fort Campbell, Defendant FCA US's only other evidence to argue that Defendant Nicholson's domicile is in Kentucky is that he "owns one vehicle which he registered in Tennessee [and] keeps the vehicle at Ford Campbell . . . and he used his Kentucky address for his tax returns and mail since 2014." *See* Doc. 1 at Pg. 8. However, based on case law cited by Defendant FCA US in its Petition for Removal – tax filings are insufficient to establish citizenship. (*See* Doc. 1 at pg. 12) (citing *Ner Tamid Congregation of North Town v. Krivoruchko*, 620 F.Supp.2d 924, 932 (N.D. Ill. 2009) (holding that filing taxes in a state does not confer citizenship). Moreover, arguing that registering a vehicle in Tennessee somehow confers Kentucky citizenship is simply nonsensical.

    b.   *Argument against North Dakota as Defendant Nicholson's Domicile*

Defendant Nicholson testified that he does not consider himself a resident or citizen of the State of North Dakota. (*See id.* at Pgs. 111 – 112). In approximately 2002, following the divorce of his parents, Defendant Nicholson moved, with his mother, to North Dakota. (*See id.* at 7 – 8). He finished high school while living with his mother in Fargo, North Dakota. (*See id.*). However, since that time, Defendant Nicholson only travels to Fargo on a limited basis to visit his mother. (*See id.* at 27). He

does not have a residence or other property in North Dakota. (*See id.* at 33 – 34). He does not have a North Dakota drivers' license and is not registered to vote in the State of North Dakota. (*See id.* at 114). He does not have a spouse or children that live in North Dakota. There is no evidence he has ever voted in North Dakota. Most importantly, Defendant Nicholson does not intend to return or live in North Dakota following the expiration of his service contract in October 2017. (*See id.* at 114 – 115) (Q: Before you deployed to Afghanistan it was your intent to return to Chicago and Chicago would be your home? A: Yes.).

An individual is free – at any time – to change their domicile. *See Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962). In this case, immediately following the subject accident Defendant Nicholson changed his domicile. (*See id.* at 114 – 115) (Q: Before you deployed to Afghanistan it was your intent to return to Chicago and Chicago would be your home? A: Yes.). Domicile requires a party's physical presence and intent to remain – in this case, Defendant Nicholson has Chicago apartment, which he resides in while on leave and an intent to remain in Chicago. As clearly set forth in his deposition, North Dakota satisfies neither of these requirements. In this case, with the facts viewed most favorably in the light of the non-moving party, Defendant Nicholson established he is a proper forum defendant in the State of Illinois. As such, Defendant FCA US's Removal violates the Forum Defendant Rule and the requirement of complete diversity and this case must be remanded to state court.

WHEREFORE Plaintiff Maximilian Gross respectfully request this court to grant his Motion to Remand, and any such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ C. Nicholas Cronauer
C. Nicholas Cronauer
BURNS, CRONAUER, & BROWN, LLP
1101 DeKalb Avenue, Suite 2
Sycamore, Illinois 60178
Phone: (815) 895-8585
nc@cronauerlaw.com
*Counsel for Plaintiff*